619 P.2d 1141

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Phillip Lewis LINDQUIST, Defendant–Appellant.**

No. 13306.

Supreme Court of Idaho.

Nov. 13, 1980.

Allen V. Bowles of Bowles & Barker, Moscow, for defendant–appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff–respondent.

McFADDEN, Justice.

This case was previously before the Court in *State v. Lindquist,* 99 Idaho 766, 589 P.2d 101 (1979). The facts and legal questions of that previous appeal are amply recited therein and it is sufficient to say that such was an appeal from the imposition of the death penalty following a conviction of first degree murder. That sentence was set aside and the case remanded for resentencing "to any punishment permitted for the conviction of the lesser included offense of second degree murder."

On remand, the trial judge imposed a determinate sentence of thirty years under the provisions of I.C. § 19–2513A. Appellant asserts that the trial judge erred in that I.C. § 19–2513A had not been enacted by our legislature at the time of the commission of the crime for which appellant stands sentenced. We agree. *See State v. Lindquist, supra.* Hence, we again set aside the sentence imposed by the trial court and remand the cause to the trial court for resentencing to any punishment permitted for the offense of second degree murder under the provisions of statutes in effect at the time of the commission of the crime in question here.

BAKES, J., concurs.

DONALDSON, C. J., and SHEPARD, J., concur in the conclusion on the basis that *State v. Lindquist,* 99 Idaho 766, 589 P.2d 101 (1979), is now the law, although they continue to adhere to their views expressed in their dissent in that case.

BISTLINE, Justice, dissenting.

I do not join in the Court's decision to reverse, but would modify the written judgment and order, and affirm. The State concludes its written argument advising us that we "need not reach any question respecting retroactive application of § 19–2513A." Lindquist's concluding statement is "That portion of the district court judgment imposing a fixed minimum sentence of thirty (30) years upon Lindquist should be stricken." I agree in both respects. In my view the Court's opinion today should strike from the written order dated March 19, 1979, filed March 21, 1979, the reference to a determinate period and Idaho Code § 19–2513A, thus making the order, which is also of commitment, correspond with the oral sentence which was actually imposed.

Lindquist was present in the Kootenai County courtroom between 9:06 a. m. and 9:15 a. m., on March 19, 1979, for sentencing. The court heard from respective counsel, and Lindquist's counsel also read into the record Lindquist's prepared statement, apparently in exercise of his right of allocution. The procedure ended with pronouncement of sentence as follows:

"In this matter the conviction of guilt previously stands by order of the Supreme Court. The jury having convicted Mr. Lindquist of murder in the first degree, it is the judgment of this court that he is guilty thereof. It would be further the judgment of this court that he be sentenced to serve a period in the Idaho State Penitentiary of not less than 30 years and not to exceed life.

"The Defendant will be remanded to the custody of the Sheriff of Kootenai County for transportation to Boise."

The written order which supposedly embodies the oral judgment imposing sentence, however, contained the determinate or fixed term language which is challenged on the appeal, and although dated the 19th

of March, 1979, was not filed until the 21st. It was prepared by the prosecuting attorney and may not have been submitted to the court for signature until Tuesday or Wednesday, oral pronouncement of sentence having taken place on Monday morning.

But it is for certain that as prepared, it is not reflective of the court's oral sentence in that the latter contained no mention whatever of I.C. § 19–2513A; a fixed or determinate term was not mentioned in pronouncement of sentence. The court was not unaware of § 19–2513A, however, and had inquired of counsel their views on its possible application—receiving no encouragement along that line from either quarter. To know the particular judge who imposed sentence is to remove any doubt that had he intended to then and there impose a fixed term, under the provisions of I.C. § 19–2513A, he would have done so. I disagree with the conclusion of the Court's opinion that the district judge rendered an illegal sentence.

Where we have no way of knowing from this record how the discrepancy occurred, we ought to indulge in a presumption of error on the part of the court. If presumptions are to be resorted to, the presumption is in favor of—not against—validity. It is not unlikely that the trial court in affixing his signature to the instrument prepared and submitted by the prosecutor assumed that its contents conformed to his oral sentence. In a similar case, *State v. Phillips*, 99 Idaho 354, 581 P.2d 1173 (1978), in a separate opinion I wrote that "[i]t would ask too much that a trial judge be required to possess instant recall as to the state of the record of every case which has passed before him. The prosecuting attorney should ... make certain that judgments of conviction placed before the trial court for signature accurately reflect the sentences which the court has imposed." *Id.* at 360, 581 P.2d at 1179.

Admittedly, we also do not know that the prosecutor here was not mindful of that admonition. It is immaterial that we ascertain the cause of the discrepancy, for we

still need not reverse, a ready and correct answer being at hand in *State v. Phillips, supra.*

In that case a majority of the Court perceived an ambiguity as to the district court's intent in passing oral sentence. To the State's contention that the written judgment of sentencing was unambiguous and should be controlling, the Court responded:

"[W]e decline to rely upon the written judgment and sentence. I.C.R. 32 and 43 make clear that the defendant must be afforded certain rights at the sentencing stage. If we were to rely upon the written sentence here, those rights could be construed to have been denied the appellant, *i. e.*, the right to be personally present, to be represented by counsel, to speak in his own behalf and to present information in mitigation." *Id.* at 355, 581 P.2d at 1174.

In agreement with that statement and in amplification thereof, I wrote:

"[A] court's oral pronouncement of sentence *is* binding. Under I.C.R. 32(b) the written judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. The sentence which is set forth in the judgment, however, must be the sentence which was imposed and which was imposed in the presence of the defendant. I.C.R. 43 specifically provides for defendant's presence at imposition of sentence, which presence can only be excused in misdemeanor cases." *Id.* at 356, 581 P.2d at 1175.

Today the Court apparently forgets that it is indeed the oral sentence which is controlling, and in doing so issues an opinion which, when considered in light of *Phillips*, cannot help but create confusion in the ranks of the trial bench and bar.

Rule 32(b) of the Federal Rules of Criminal Procedure is identical to I.C.R. Rule 33(b). Rule 43(a) of the Federal Rules of Criminal Procedure is identical to I.C.R. 43(a). Citing *Pollard v. United States*, 352 U.S. 354, 360, 77 S.Ct. 481, 485, 1 L.Ed.2d 393 (1957), the Circuit Court of Appeals,

District of Columbia Circuit, stated in *Kennedy v. Reid*, 249 F.2d 492, 495 (1957): "The pronouncement of sentence constitutes the judgment of the court. The authority for the execution of the court's sentence is that judgment." Seven years later another circuit court, citing the foregoing case, and also citing the provisions of Rules 32(b) and 43(a), Federal Rules of Criminal Procedure, held that 43(a)

> ". . . requires that the defendant be present when sentence is announced by the court, and Rule 32(b) requires that the judgment of convictions shall set forth the sentence. *It follows that where there is a discrepancy between the oral pronouncement and the written judgment and commitment, the former must control."* *Henley v. Heritage*, 337 F.2d 847 (5th Cir.1964) (emphasis added).

With our review properly narrowed down to a consideration of the oral sentence imposed, disposition of the issue on appeal is easily and properly made. Although the transcript demonstrates that the district judge was interested in meting out to Lindquist a fixed term (and understandably so, *see State v. Lindquist*, 99 Idaho 766, 589 P.2d 101 (1979), dissent of Shepard, J.), the plain inescapable fact is that he did not do so. A defendant simply cannot be said to have been given a fixed or determinate term without the court using those words in handing down the sentence.

Remaining for consideration is the interpretation of the sentence which was imposed. Here I see no problem. The court did not have any alternative but to impose sentence under the indeterminate sentencing statute, I.C. § 19–2513, which abolished minimum sentences, and required of the district courts only that in sentencing (to an indeterminate term) the court set the maximum, which may not be greater than that allowed by statutes made applicable to the criminal offense in question. The maximum sentence which may be imposed for second degree murder is a term of life. I.C. § 18–4004. Prior to the passage of I.C. § 19–2513, as amended, the minimum term which could be imposed was 10 years. As the law stood when Lindquist was resentenced, he could have been sentenced to an indeterminate term not to exceed a maximum of life, or any term of years not less than two. A maximum of not less than 2 years is in all cases required by the provisions of I.C. § 19–2513, presumably upon the premise that the State Board of Corrections prefers not receiving anyone with a sentence shorter than 2 years.

The district judge, in passing sentence, was required to set a maximum term and he did: "not less than 30 years." To my mind, not less than 30 years necessarily means "30 years" and no less. Equally true, "not more than 30 years" would mean 30 years, and no more. Thirty years is the maximum, with anything less being left to the executive branch of the government. Anything said here in pronouncing sentence over and above imposing the maximum term of not less than 30 years such as adding "not to exceed life" was mere surplusage, and did not affect the validity of the sentence. *Matter of Setters*, 23 Idaho 270, 278, 128 P. 1111 (1913). For certain it was not the imposition of a fixed term, but clearly the imposition of a legal indeterminate term setting a maximum of 30 years, as was the court's prerogative in exercising its discretion. The court undoubtedly had in mind the age of Lindquist, and that a 30 year term would require that he for certain serve 10 years before being eligible to ask for parole.

The oral sentence should be affirmed. The written judgment and order of commitment should stand corrected to correspond with the oral sentence. Resentencing, where a valid sentence has been imposed, is improper, and certainly has overtones of double jeopardy. *State v. Johnson*, 101 Idaho 581, 618 P.2d 759 (1980), dissenting opinion of Bistline, J.