671 P.2d 1362

STATE of Idaho, Plaintiff-Respondent,

v.

Monte C. HOISINGTON,
Defendant-Appellant.

No. 14514.

Court of Appeals of Idaho.

Nov. 9, 1983.

James Edward Siebe, Moscow, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Justice.

On this appeal we are asked to review the propriety of imposing a twenty-year indeterminate sentence in place of a fixed sentence of eight years after it was determined that the "fixed" nature of the eight-year sentence was not legal. We uphold the imposition of the twenty-year sentence.

Monte Hoisington was found guilty, by a jury, of rape. A judgment of conviction was entered and he was sentenced to a fixed term of eight years. The conviction was upheld on appeal. *See State v. Hoisington,* 104 Idaho 153, 657 P.2d 17 (1983). While that appeal was pending, Hoisington filed a petition for post-conviction relief, challenging his sentence. The rape was committed in June 1977. Because the fixed sentencing statute, I.C. § 19–2513A, did not become effective until July 1 of that year, Hoisington contended that his fixed sentence was illegal. Hoisington's position was consistent with the holding of our Supreme Court in *State v. Lindquist,* 101 Idaho 688, 619 P.2d 1141 (1980).

The district court agreed. However, notwithstanding Hoisington's request that the eight-year fixed sentence simply be changed to an indeterminate eight-year sentence, the district court "corrected" Hoisington's sentence by imposing an indeterminate term of twenty years, with credit for time served to the date of the corrected sentence. The district court rationalized that society should be protected from the defendant for eight years less reduction for "good time" at the rate of two months each year. Because the defendant would be eligible for parole consideration at one-third

of a twenty-year sentence for rape,[1] the court concluded that the twenty-year indeterminate sentence would accomplish the goal of protecting society for substantially the same period of time as a fixed eight-year sentence.

Relying on *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), Hoisington argues that his sentence was "increased" without any reason or justification "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726, 89 S.Ct. at 2081. At oral argument, counsel for Hoisington conceded that he was not attacking the corrected sentence as a violation of his constitutional protection against double jeopardy, but rather he claimed it was a violation of due process.

In *Pearce* the United States Supreme Court reviewed the propriety of imposing sentences of more severe punishment following conviction for the same offense upon retrial after prior convictions had been set aside and new trials ordered at the defendants' behest. The Court held that due process requires that vindictiveness against a defendant must play no part in the sentence he receives after a new trial; and because the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal from or to collaterally attack his first conviction, due process also requires that a defendant be freed from apprehension of such a retaliatory motivation on the part of the sentencing judge. In order to assure the absence of such retaliatory motivation upon reconviction, the Court held that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for the sentence must affirmatively appear and must be based upon objective information concerning identifiable conduct on the defendant's part occurring after the original sentencing. Additionally, the factual data upon which the increased sentence is based must be made a part of the record, so the constitutional

legitimacy of the increased sentence may be fully reviewed on appeal. 395 U.S. at 725–26, 89 S.Ct. at 2080–81.

*Pearce* did not preclude the imposition of a more severe sentence on reconviction; rather it established guidelines which must be followed if a greater sentence is imposed following a new trial. *See United States v. DiFrancesco,* 449 U.S. 117, 135–36, 101 S.Ct. 426, 436–37, 66 L.Ed.2d 328 (1980). Hoisington's case differs from *Pearce* in that it does not involve a new trial and reconviction. Hoisington was merely resentenced after it had been determined that his original sentence was illegal. Under *Pearce,* a violation of due process in resentencing requires a showing of vindictiveness, and no such showing has been made here. To the extent *Pearce* goes beyond this and requires findings concerning the defendant's post-sentencing conduct, it prevents resentencing from becoming a means to deter a defendant's right to seek a new trial. However, those safeguards are not applicable to correction of an illegal sentence when no new trial was held.

Hoisington also directs our attention to decisions from other jurisdictions which disapprove of the imposition of a harsher term upon vacation of a previous sentence. *See Sonnier v. State,* 483 P.2d 1003 (Alaska 1971); *Williams v. State,* 81 N.M. 605, 471 P.2d 175 (1970). However, both of those cases approach the imposition of a harsher term, upon resentencing, from the standpoint of double jeopardy. As noted earlier, Hoisington concedes that double jeopardy is not a viable impediment to an increased sentence upon resentencing. *See North Carolina v. Pearce, supra,* 395 U.S. at 723, 89 S.Ct. at 2079, and *United States v. DiFrancesco, supra,* 449 U.S. at 132, 101 S.Ct. at 434.

The recent Idaho case of *State v. Lindquist,* 101 Idaho 688, 619 P.2d 1141 (1980), is instructive here. Lindquist was convicted of first degree murder and was sentenced to death. On his first appeal, Lindquist's sentence was set aside because of the un-

---

1. *See* former I.C. § 20–223, repealed in 1980.

1980 Idaho Sess.Laws, ch. 297, § 5, p. 770.

**662**

constitutionality of Idaho's death penalty statute. *See State v. Lindquist,* 99 Idaho 766, 589 P.2d 101 (1979). However, because his conviction for first degree murder necessarily included the lesser offense of second degree murder, our Supreme Court, after setting aside the death penalty, remanded the case for resentencing "to any punishment permitted for the conviction of the lesser included offense of second degree murder." 99 Idaho at 771, 589 P.2d at 106. On remand, the trial judge imposed a fixed sentence of thirty years under I.C. § 19–2513A. Again, Lindquist appealed. He contended that the trial judge erred in applying § 19–2513A, because that statute had not yet been enacted at the time he committed the crime for which he was sentenced. Our Supreme Court agreed. It held:

> [W]e again set aside the sentence imposed by the trial court and remand the cause to the trial court for resentencing to any punishment permitted for the offense of second degree murder under the provisions of statutes in effect at the time of the commission of the crime in question here.

101 Idaho at 689, 619 P.2d at 1142. The Supreme Court's holding was very explicit. It did not hold that, upon remand, the trial judge was limited to imposition of an indeterminate sentence of thirty years or less. Rather, the trial court was authorized to impose *any* sentence (so long as it was not a fixed sentence) which could have been ordered under statutes in effect when the crime was committed.

 Here, at the time of the commission of the crime in question, I.C. § 18–6104 provided for punishment for rape of not less than one year "and the imprisonment may be extended to life." Any sentence so imposed was subject to the indeterminate sentencing law in Idaho, I.C. § 19–2513, which allows the commission of pardons and parole to determine the actual period of confinement in any given case. *State v. Evans,* 73 Idaho 50, 245 P.2d 788 (1952). Here the district judge, realizing he initially had imposed an illegal sentence, reimposed the sentence as a twenty-year indeterminate term, which was clearly within "any punishment permitted for the offense ... under the provisions of statutes in effect at the time of the commission of the crime in question...." *State v. Lindquist, supra,* 101 Idaho at 689, 619 P.2d at 1142. The record does not demonstrate any vindictiveness on the part of the district court in resentencing Hoisington.

We hold that there was no deprivation of due process in Hoisington's resentencing. The sentence is affirmed.

SWANSTROM and BURNETT, JJ., concur.