IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40477

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | 2013 Opinion No. 59S |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: January 10, 2014 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| TEDDY LYNN EDGHILL, | ) | |
| | ) | SUBSTITUTE OPINION |
| Defendant-Appellant. | ) | THE COURT'S PRIOR OPINION |
| | ) | DATED NOVEMBER 8, 2013, |
| | ) | IS HEREBY WITHDRAWN |
| | ) | |
| | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County. Hon. Mitchell W. Brown, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, reversed and remanded.

S. Criss James, Soda Springs, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent. Daphne J. Huang argued.

_____

WALTERS, Judge Pro Tem

Teddy Lynn Edghill appeals from the district court's order denying his I.C.R. 35 motion for correction of an illegal sentence. For the reasons set forth below, we reverse and remand for resentencing with respect to the suspension of Edghill's driver's license.

## I.

## FACTS AND PROCEDURE

In 1997, Edghill was driving a jeep with several children riding on the front bumper. At one point, Edghill required that the children get inside the jeep and drove to a store. Upon returning from the store, Edghill stopped the jeep and allowed the children to get out and again ride on the front bumper. One of the children either jumped or fell off. Edghill ran over the child with the jeep and the child died a short time later from the injuries sustained in the

accident. Edghill was charged with vehicular manslaughter. I.C. § 18-4006(3)(a). He pled guilty and was sentenced to a unified six-year term of incarceration, with a minimum period of confinement of three years. The district court also suspended Edghill's driver's license for life. The district court retained jurisdiction and, at the expiration of the retained jurisdiction period, suspended execution of Edghill's sentence and placed him on probation for four years. However, the lifetime driver's license suspension remained in effect.

Edghill filed an I.C.R. 35 motion, contending that the lifetime suspension of his driver's license was illegal. Edghill also requested leniency in his sentence, seeking a withheld judgment. Following a hearing on Edghill's motion, the district court entered an order denying the request for a withheld judgment. However, the district court took Edghill's motion, insofar as it pertained to the legality of the lifetime suspension of his driver's license, under advisement. On December 22, 1998, the district court issued a separate order finding that the lifetime suspension of Edghill's driver's license was not an illegal sentence. In this order, entitled "Order Amending Judgment of Conviction," the district court amended the judgment by specifically adding a provision that it would consider a petition to allow Edghill to apply for a driver's license after the expiration of ten years from the date of the original judgment.

Edghill appealed the district court's order denying his I.C.R. 35 motion. This Court affirmed, holding a lifetime driver's license suspension pursuant to a violation of I.C. § 18-4007(3)(d) was not an illegal sentence. *State v. Edghill,* 134 Idaho 218, 221, 999 P.2d 255, 258 (Ct. App. 2000). After a period of time, Edghill brought various motions seeking relief from his lifetime license suspension consistent with the order amending judgment entered December 22, 1998. In response to one of these motions, the district court afforded Edghill a ninety-day conditional driving permit, which allowed Edghill to drive an all-terrain vehicle (ATV) in a limited capacity. When this conditional permit expired, Edghill again petitioned the district court and was again granted a conditional driving permit to operate an ATV, this time for a period of one year. When the one-year permit expired, Edghill again petitioned the district court and was granted a two-year conditional permit to operate his ATV.

2

In January 2012, Edghill filed another motion to reinstate his driving privileges.[1] The district court denied Edghill's motion and did not grant him any type of conditional driving permit. The district court also ruled the provision of the sentence allowing Edghill to continually petition for driving privileges after ten years was illegal and struck that portion of his sentence.[2] The district court left in place the portion of the sentence suspending Edghill's license for life.[3] Edghill then filed another I.C.R. 35 motion, claiming the driver's license suspension was illegal. The district court denied the motion and further explained its previous ruling--that a portion of the sentence allowing reinstatement of driving privileges in the district court's discretion after ten years was illegal and needed to be stricken. Edghill appeals from the denial of his I.C.R. 35 motion.

## II.

## ANALYSIS

Edghill argues that the modification of his sentence, deleting the opportunity to apply for driving privileges after ten years, is illegal because it constitutes a harsher sentence than the one originally imposed. He also argues that he should be resentenced by the district court with regard to the driver's license suspension.[4] The state contends Edghill's argument is barred by invited error and res judicata.

### A. Invited Error

The state argues Edghill is estopped from arguing the district court abused its discretion in striking the illegal portion of his sentence because the alleged error was induced by Edghill's

---

[1] At this point in time, the original district judge who sentenced Edghill had retired and a new judge had taken the bench.

[2] Edghill concedes this provision of his sentence was illegal. This concession is correct in light of *State v. Petersen*, 149 Idaho 808, 811, 241 P.3d 981, 984 (Ct. App. 2010) (typically, a court's jurisdiction ends once the court orders a defendant into the custody of the Board of Correction).

[3] The district court made these rulings at an April 5, 2012, hearing. The transcript from this hearing is not part of the record on appeal. The facts set forth as to that hearing are gathered from the district court's memorandum decision on the subsequent I.C.R. 35 motion.

[4] Edghill also argues he received a vindictive sentence and that the district court abused its discretion in excising only the illegal provision. Given our disposition below, we need not address these arguments.

own conduct. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Here, the specific relief Edghill sought is not what was granted by the district court. The procedural history of this case indicates the district court sua sponte decided the provision of Edghill's sentence allowing him to reapply for a driver's license was illegal. The district court made this determination after a hearing on a motion for another conditional driving permit. Thus, the doctrine of invited error does not apply in this case.

## B.     Res Judicata

The state also argues that the doctrine of res judicata applies to preclude Edghill from arguing that his lifetime license suspension is illegal. The doctrine of res judicata bars relitigation of issues that have been previously decided in an action between the same litigants. *See State v. Rhoades,* 134 Idaho 862, 863, 11 P.3d 481, 482 (2000); *State v. Beam,* 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988). The issue of whether an action is barred by res judicata is a question of law over which we exercise free review. *Rhoades,* 134 Idaho at 863, 11 P.3d at 482. In Edghill's direct appeal, he argued that the sentencing provision suspending his driver's license for life was illegal. This Court determined that such suspension was permitted under the applicable statute. To the extent Edghill raises this same argument on appeal from the denial of his I.C.R. 35 motion, it is barred by res judicata. However, the question whether the 2012 modification of the license suspension is illegal was not before this Court in Edghill's earlier appeal, and that issue is not foreclosed.

## C.     Resentencing

Edghill argues that, after the district court determined that part of Edghill's sentence was illegal, he should have been resentenced regarding the license suspension instead of the district court excising the portion that provided an opportunity for reinstatement after ten years. In *State v. Money*, 109 Idaho 757, 710 P.2d 667 (Ct. App. 1985), this Court faced a scenario in which the

district court initially imposed an illegal sentence. Money was convicted of second degree murder and received an indeterminate twelve-year term, together with a consecutive indeterminate two-year period for the use of a firearm. However, the pertinent statute required a minimum enhancement of three years. Upon its own motion, the district court corrected the sentence by increasing the enhancement period from two years to three years. On appeal, Money argued that he was denied due process when the district court corrected his sentence outside of his presence and that the corrected sentence was invalid. This Court then explained the applicable standard when correcting an illegal sentence:

> A trial court may correct an illegal sentence at any time. *See* I.C.R. 35; *State v. Mendenhall*, 106 Idaho 388, 679 P.2d 665 (Ct. App. 1984). Further, when correcting an illegal sentence a trial court is not bound by the terms of the original sentence. Rather, a trial court may resentence to any punishment permitted for the offense under the provisions of the applicable statutes. *State v. Lindquist*, 99 Idaho 766, 589 P.2d 101 (1979); *State v. Hoisington*, 105 Idaho 660, 671 P.2d 1362 (Ct. App. 1983). If the original sentence imposed is determined to be void, a defendant's sentence may be enhanced to comply with the requirements of the law. *State v. Aguilar*, 98 N.M. 510, 650 P.2d 32 (Ct. App. 1982).

*Money*, 109 Idaho at 759, 710 P.2d at 669. The Court stated that Money's original sentence was invalid and, therefore, sentence was not imposed until the district court corrected the judgment. Thus, the Court held Money was denied due process, as a defendant must be personally present when sentence is pronounced for a felony. I.C. § 19-2503; I.C.R. 43(a). The Court further stated that, when a district court corrects a sentence, it should consider the whole sentence, not merely one segment of the whole. *Money*, 109 Idaho at 760, 710 P.2d at 670. The district court's order in this case demonstrates it failed to consider Edghill's whole sentence (as it pertained to the license suspension) because it incorrectly concluded it lacked the authority to do so.

Likewise, in *Lopez v. State,* 108 Idaho 394, 700 P.2d 16 (1985), the district court corrected an illegal sentence ex parte. On appeal, the Idaho Supreme Court held that this denied Lopez due process of law, citing to I.C. § 19-2503 and I.C.R. 43(a).[5] The Court stated that the

---

[5] Idaho Criminal Rule 43(a) provides, "The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule." Further, I.C.R. 43(c)(4) provides that the defendant need not be present at an I.C.R. 35 motion for reduction of sentence. The inclusion of this, and exclusion of an I.C.R. 35 motion for correction of an illegal sentence, further indicates the defendant's presence is required in such

statute and rule establish that a defendant's presence at the time of sentencing is mandatory, not discretionary, and when the original sentence was invalid, sentence was not imposed until the district court corrected the judgment. *Lopez*, 108 Idaho at 396, 700 P.2d at 18. *Money* and *Lopez* demonstrate that resentencing with Edghill present was the proper procedure for the district court to take in this case.

However, as noted in the district court's order, there is no Idaho case law directly on point with respect to striking an illegal portion of a defendant's sentence under I.C.R. 35. The district court turned to the Ninth Circuit case *United States v. Jordan,* 895 F.2d 512 (9th Cir. 1990). In *Jordan*, the district court imposed sentences of imprisonment in a case involving multiple counts of mail fraud. Jordan filed a motion under Federal Rule of Criminal Procedure 35 to correct his sentences, arguing that they were illegal. The district court agreed that the original sentences imposed were illegal. However, the district court proceeded to restructure the new sentence in such a way as to effectuate the intent of the original sentences regarding the overall term of imprisonment. On appeal, the Ninth Circuit held that, in correcting illegal sentences, the district court could only reduce the excess; it did not have the authority to order the corrected sentences to run consecutively in an attempt to effectuate the underlying intent of the original sentences. *Id.* at 514.

Nevertheless, Idaho jurisprudence runs contrary to *Jordan* and there is sufficient Idaho authority to resolve the issue in this case without resort to other jurisdictions. *Money* indicates that, in correcting a sentence of incarceration, the district court is free to impose any sentence that is permitted for the offense under the applicable statute (although *Money* does predicate that upon the underlying sentence being determined void or invalid).[6] When correcting an illegal sentence in such a scenario, the district court resentences the defendant and the defendant's presence is required. I.C. § 19-2503; I.C.R. 43(a); *Money,* 109 Idaho at 759, 710 P.2d at 669.

---

situations. *See State v. Schoger,* 148 Idaho 622, 629, 226 P.3d 1269, 1276 (2010) (stating the inclusion of one thing is the exclusion of another under the statutory construction principle of *inclusio unius est alterius*).

[6]     Of course, constitutional prohibitions against vindictive sentencing would be applicable. *See Wasman v. United States,* 468 U.S. 559, 564-69 (1984); *Chaffin v. Stynchcombe,* 412 U.S. 17, 24-25 (1973); *State v. Robbins,* 123 Idaho 527, 530-31, 850 P.2d 176, 179-80 (1993).

Finally, *Money* is closer to the situation here, as opposed to *Jordan*, because *Money* was dealing with only one sentence (as is the case here), rather than the multiple sentences involved in *Jordan*. When dealing with one sentence, *Money* requires that the district court consider the whole sentence of incarceration and not just a segment of the whole. In this case, that means considering both provisions of the license suspension, including its length.

Last, *Lopez* also provides guidance on whether the sentence is invalid in full or if only a portion is invalid. There, Lopez pled guilty to second degree kidnapping and admitted to being a persistent violator. The district court initially imposed an indeterminate term of fifteen years for kidnapping and a separate life term for being a persistent violator. The district court then realized a persistent violator allegation does not constitute a second offense for sentencing purposes, but merely allows for enhancement. Therefore, the district court entered an ex parte order of commitment that provided an indeterminate fifteen-year sentence for kidnapping, enhanced by an indeterminate fifteen-year term on the persistent violator allegation. Lopez brought a petition for post-conviction relief, which the district court denied. On appeal, Lopez contended that the district court's original sentence needed to be divided into two parts, resulting in a determination that the sentence for the underlying felony was lawful and that the sentence for the persistent violator charge was unlawful. Lopez further contended that, even though the district court could decrease or vacate the unlawful provision, it could not increase the lawful provision because the unlawful provision does not render the entire sentence unlawful and subject to correction. *Lopez,* 108 Idaho at 395-96, 700 P.2d at 17-18.

The Idaho Supreme Court disagreed and held that, because the two provisions were interdependent, the entire sentence was invalid *ab initio*. The Court further explained:

> Hence, even where separate counts may be deemed interdependent to the extent they comprise but one criminal transaction, the sentence for each count remains a separate sentence and where an unlawful sentence on one such count is vacated, the court may not increase the sentence already imposed on a remaining lawful count.
>
> However, the same result does not obtain where two purported sentences are not separate but comprise one general sentence.

*Id*. at 396 n.3, 700 P.2d at 18 n.3. Here, while the situation differs from that in *Lopez*, it would seem that the two provisions of Edghill's license suspension are not separate, but comprise one general sentence. The district court afforded Edghill the opportunity to petition for reinstatement

7

of his license after a certain number of years and subsequently did grant driving privileges to Edghill. Given these circumstances, it does not appear the district court intended a true lifetime suspension, but a lifetime suspension subject to modification (the illegal provision). Therefore, upon resentencing Edghill, the district court is required to consider all parameters of the license suspension, including its length, rather than just excising the provision deemed to be illegal, and the district court should then impose an appropriate sentence for the driver's license suspension.

## III.

## CONCLUSION

The district court erred in severing the illegal provision of Edghill's sentence. The district court should have held a resentencing hearing with Edghill present and should have considered both provisions of the driver's license suspension. Accordingly, we reverse the order of the district court denying the I.C.R. 35 motion for correction of an illegal sentence and remand for resentencing as to the driver's license suspension.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**