**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39484/39485/39486**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **2013 Opinion No. 68** |
| Plaintiff-Respondent, ) | |
| ) | **Filed: December 23, 2013** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| SHAWN MICHAEL KESLING, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order revoking probation, reversed. Orders denying motion for credit for time served, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Shawn Michael Kesling appeals rulings made in three cases that have been consolidated on appeal. In one case, he argues that the trial court lacked jurisdiction to revoke his probation because his probationary term exceeded the maximum authorized by statute for that offense. In all three cases, he argues that he is owed additional credit for time served because an Idaho detainer caused him to be held by Florida authorities after the sentences he was serving there had been completed.

**I.**

**BACKGROUND**

On December 1, 2003, the district court entered judgments of conviction against Kesling in three Ada County cases. Kesling pleaded guilty to forgery, I.C. § 18-3601, in Ada County Case No. H0300557; grand theft by deception, I.C. §§ 18-2403(2)(a), 18-2407(1)(b), in Case

1

No. H0300589; and felony issuing a check without funds, I.C. § 18-3106(a), in Case No. H0300379.[1] In these cases, the district court imposed concurrent unified sentences of nine years in prison with two years fixed, but suspended the sentences and placed Kesling on probation for nine years.

Kesling's probation supervision was transferred to Florida pursuant to an interstate compact. While in Florida, Kesling committed five new felonies. He eventually pleaded *nolo contendere* to the Florida charges, and on March 4, 2008, was sentenced to forty-five months of imprisonment. Because the Florida charges violated Kesling's probation in the Idaho cases, bench warrants were issued by the Idaho district court. Kesling was not immediately served with these warrants. Instead, the record shows that the Florida authorities received two sets of communication from the Idaho authorities, one on March 4, 2008, and another three years later, on March 2, 2011. The text of these communications is not in the record. The only information Kesling has presented regarding them is in notations within an inmate record produced by the Florida Department of Corrections.

On March 22, 2011, Florida released Kesling to Idaho law enforcement authorities. He was transported to Idaho, arriving on March 29, 2011, and was then served with the bench warrants. Kesling admitted that he violated his probation, but before disposition, requested credit on his Idaho sentences for time served in Florida. His motion sought credit for incarceration beginning on March 4, 2008, the date on which the first communication from Idaho authorities to Florida authorities was made. That request was denied. The district court revoked probation and ordered execution of the original nine-year sentences in each case, giving Kesling credit for the seven days after custody was transferred to Idaho but before the bench warrants were served. Thereafter, Kesling filed a pro se motion pursuant to Idaho Criminal Rule 35 requesting correction of an illegal sentence. He pointed out that his sentence in Ada County Case No. H0300379 for issuing a check without funds exceeded the maximum sentence authorized for the offense. The trial court granted this motion and amended the sentence to a unified sentence of three years with two years fixed.

---

[1]     Ada County Case No. H0300379 is sometimes referred to in the record by an alternate designation, CR-FE-2003-0000379. This longer case number reflects the new way Ada County generates case numbers.

On appeal, Kesling contends that he is entitled to additional credit for his incarceration in Florida. He also argues for the first time on appeal that the court lacked jurisdiction to revoke his probation in Ada County Case No. H0300379 because the maximum lawful term of probation for the offense had expired before probation revocation proceedings were initiated.

## II.

## ANALYSIS

### A. The Trial Court Lacked Jurisdiction to Revoke the Unlawfully Long Period of Probation for Violation of I.C. § 18-3106(a)

In Ada County Case No. H0300379, Kesling was convicted of felony issuing a check without sufficient funds, I.C. § 18-3106(a). He asserts that the trial court lacked subject matter jurisdiction to revoke his probation in that case because the maximum permissible period of probation for that offense had been completed long before probation revocation was requested by the State. Whether a court lacks jurisdiction is a question of law over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). A challenge asserting a lack of subject matter jurisdiction is never waived and may be raised for the first time on appeal. *Id.* at 758, 101 P.3d at 702.

Under Idaho law, a period of probation for a felony may not exceed the maximum period for which the defendant could have been imprisoned for the offense. I.C. §§ 19-2601(7), 20-222. Because the maximum sentence for felony issuing a check without sufficient funds is three years, I.C. § 18-3106(a), the longest permissible period of probation for that offense is also three years.

Here, the district court initially imposed a unified nine-year sentence, suspended in favor of nine years of probation. The probation violations for which Kesling's probation was revoked occurred more than three years, but less than nine years, after his probation began. When the error in this sentence was brought to the district court's attention on Kesling's Rule 35 motion, the court reduced the sentence, but neither the court nor Kesling addressed the legality of the probation term and the court's capacity to revoke probation on that charge. On appeal, Kesling argues for the first time that because his probation should have ended years earlier, the court lacked subject matter jurisdiction to revoke probation and execute a sentence. As mentioned above, a challenge to a court's subject matter jurisdiction may be raised on appeal even if not preserved by objection in the trial court.

In a criminal case, subject matter jurisdiction is conferred on a court by the filing of an information, indictment, or complaint alleging that an offense was committed within the state of

3

Idaho. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). In the absence of a statute or rule extending its jurisdiction, a trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or by affirmance of the judgment on appeal. *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). Idaho Code § 19-2601 authorizes a trial court to suspend a sentence and impose probation. Under certain circumstances, Sections 19-2602 and 19-2603 authorize the court to issue a bench warrant for probation violations and revoke probation. Accordingly, these statutes extend subject matter jurisdiction beyond the finality of the judgment of conviction for limited purposes related to probation.

This Court addressed a trial court's authority with respect to probation revocation proceedings brought after a term of probation had ended in *State v. Gamino*, 148 Idaho 827, 230 P.3d 437 (Ct. App. 2010). In that case, Gamino pled guilty to burglary and was placed on probation for four years. *Id*. at 828, 230 P.3d at 438. Before the four-year period expired, a prosecutor drafted a motion seeking to revoke Gamino's probation. *Id*. The motion was not filed, however, until after the term of probation had elapsed. Based upon its interpretation of the applicable statutes,[2] the district court held that the motion was timely. We disagreed. We held that the district court lacked the authority to revoke or continue Gamino's probation because the period of probation actually imposed by the court had expired before revocation proceedings began. Therefore, we said, Gamino's motion to dismiss the probation revocation proceedings should have been granted. In *Gamino*, we did not directly address whether the lack of authority to revoke probation on the untimely revocation motion amounted to a lack of subject matter jurisdiction.

Later, in *State v. Ligon-Bruno*, 152 Idaho 274, 270 P.3d 1059 (Ct. App. 2011), we held that the failure to commence revocation proceedings during the period of probation was a jurisdictional defect. Ligon-Bruno pleaded guilty to possession of cocaine and was placed on

---

[2]    Idaho Code §§ 20-222, 19-3921, and 19-2601, *et seq.* all address probation or probation revocation. The provisions are not identical. We have previously addressed two areas where the parties have argued that the statutes are in conflict. *See Gamino*, 148 Idaho at 829, 230 P.3d at 439 (resolving the time limitation for initiating probation revocation proceedings); *State v. Horejs*, 143 Idaho 260, 266, 141 P.3d 1129, 1135 (Ct. App. 2006) (harmonizing three statutes which govern the maximum permitted period of probation). These interpretive difficulties are not relevant to this appeal.

probation. Before his probation expired, his probation officer drafted a "Report of Probation Violation" claiming that Ligon-Bruno possessed methamphetamine and tested positive for drug use, but no further steps were taken at that juncture to revoke probation. Later, after the period of probation had expired, Ligon-Bruno was arrested for another episode of methamphetamine possession, and documents were filed alleging another probation violation. In that case, we determined that the filing of the "Report of Probation Violation" during the probation period sufficiently initiated revocation proceedings, and therefore the district court possessed jurisdiction to adjudicate the violations contained in that report. *Id*. at 278, 270 P.3d at 1063. Conversely, we held that the later probation violation allegations were properly dismissed for lack of subject matter jurisdiction because neither the violation nor initiation of the probation revocation proceedings occurred during the period of probation. We stated, "[I]n order for a court to possess authority to address a claimed probation violation, the probation violation proceedings must be initiated within the defendant's probationary period." *Id.* at 277, 270 P.3d at 1062.

The present case presents a slightly different question than those addressed in *Gamino* and *Ligon-Bruno*. Here, the period of probation pronounced at Kesling's sentencing had *not* elapsed. But, that period exceeded the maximum term of probation authorized by statute for the offense. If Kesling's pronounced probation term had been limited to the maximum allowed by statute, it would have expired years before the violation occurred or the probation revocation proceedings commenced. As stated above, a court's subject matter jurisdiction, which ordinarily expires when its judgment becomes final, is extended by Idaho statutes for the purpose of addressing matters relating to probation, including revocations. As illustrated in *Gamino* and *Ligon-Bruno*, we have construed these additional grants of jurisdiction narrowly and have held that the failure to commence proceedings within the imposed probation term deprives the court of subject matter jurisdiction. We apply the same reasoning here. Idaho statutes limit the term of probation that may be imposed by a court. Probation terms that exceed the statutory maximum violate the statutes. Therefore, the statutes do not confer jurisdiction for a court to take any action after the maximum authorized probation period. Accordingly, the district court here had no jurisdiction to revoke Kesling's probation in Ada County Case No. H0300379 because the maximum lawful period of probation had expired. Therefore, the order revoking probation and executing the sentence in that case must be reversed.

**B. The District Court Did Not Err by Denying Kesling's Motion for Additional Credit for Time Served**

Kesling's second claim on appeal is that he is entitled to an additional twenty days of credit for time served, from March 2, 2011 until March 22, 2011, on his remaining sentences. He alleges that he "was being held on a detainer warrant" which prohibited his release after he completed his Florida sentences.

Whether the trial court properly applied the law governing credit for time served is a question of law over which we exercise free review. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Brashier*, 130 Idaho 112, 113, 937 P.2d 424, 425 (Ct. App. 1997). We defer to the trial court's findings of fact, however, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. DuValt*, 131 Idaho 550, 552-53, 961 P.2d 641, 643-44 (1998); *State v. Davis*, 139 Idaho 731, 734, 85 P.3d 1130, 1133 (Ct. App. 2003).

Generally, I.C. § 19-2603 governs credit for time served as it relates to the revocation of probation. Under that provision, when a probationer has been arrested upon a probation violation, "the time of the defendant's sentence shall count from the date of service of [the] bench warrant." *Id.* Additionally, Idaho decisional law requires that a probationer likewise receive credit for time served when he or she has been held on the functional equivalent of a bench warrant. For example, in *State v. Covert*, 143 Idaho 169, 139 P.3d 771 (Ct. App. 2006), Covert, a probationer, was arrested by a police officer for new criminal offenses that also constituted violations of his probation. At the same time, Covert was also arrested on an agent's warrant for these probation violations. *Id.* at 170, 139 P.3d at 772. Six days later, the district court issued a bench warrant for the probation violations, and five days after that it was served on Covert. *Id.* At sentencing, Covert requested credit for incarceration beginning on the date of his arrest. In deciding whether he was entitled to such credit, we concluded that the agent's warrant caused him to be detained because he could have bonded out on the new charges and been released if he had not been also held pursuant to the agent's warrant. On this basis, we held that the agent's warrant was the "functional equivalent of a bench warrant." Because the agent's warrant was the equivalent of a bench warrant, Covert was entitled to credit for time served beginning on the date he was arrested.

In this appeal, the record contains no evidence supporting Kesling's assertions that he was held in Florida on the functional equivalent of an Idaho bench warrant after his Florida

sentences were fully served. That is, Kesling presented no evidence showing the contents of the communications between the Idaho and Florida authorities and no evidence that he was held in Florida beyond the end of his Florida sentences. Instead, his evidence consists of ambiguous notations in his Florida prison records. Those notations include a section labeled "detainers . . . and/or requests to be notified prior to release of the inmate." This section indicates the first communication regarding Kesling's Idaho cases was sent to Florida on approximately March 4, 2008. In the Florida record, it was designated "notify." Three years later there are two entries dated March 2, 2011. Both are designated "detain." One says the authority is "ADA CO SO-ID," and the other states an Idaho telephone number. Both show Kesling's Ada County case numbers as the charges, each followed by "VOP," which we presume is an abbreviation for "violation of probation." None of these notations indicate that Kesling's Florida sentence had expired before he was transferred to Idaho custody.

Kesling has already been awarded seven days' credit representing the period from March 22, 2011, when he was transferred from Florida authorities to Idaho authorities, until March 29, 2011, when the Idaho bench warrant was served upon him in Idaho. Implicit in this award was a determination that on these days, and no others, Kesling was held by Idaho authorities after he finished his Florida sentences. That determination is supported by substantial evidence. Kesling was sentenced to forty-five months in prison for the Florida offenses on March 4, 2008. At that time, he was given 169 days of credit for time served on the Florida sentences prior to judgment. It appears that Florida gave inmates "gain time" credits and Kesling earned 265 days of such credits. He lost 180 days of these credits, however, for violating prison rules. Accordingly, applying his remaining gain time credits of 85 days, his Florida sentences should have expired on approximately March 23, 2011. That same date is listed as Kesling's "Tentative Release Date" in the Florida materials. Accordingly, there is substantial evidence that Kesling was still serving his Florida sentences through the day of his transfer to Idaho custody. This evidence contradicts his claim that he was held by Florida at Idaho's request after his Florida sentences terminated. Therefore, the district court properly denied his request for additional credit on the Idaho sentences.

### III.
### CONCLUSION

The district court's order revoking probation and ordering execution of the sentence in Ada County Case No. H0300379 is reversed because the district court lacked subject matter jurisdiction to revoke probation in that case. The district court's order denying Kesling's motion for additional credit for time served in all cases is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**