**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 42058/42059**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 359** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  February 18, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL ALMEN DOTTS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Barbara A. Buchanan, District Judge.

Orders denying Idaho Criminal Rule 35 motions to correct an illegal sentence and computation of credit for time served, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Michael Almen Dotts appeals from the denial of his Idaho Criminal Rule 35(a) motion to correct an illegal sentence and Rule 35(c) motion to correct the court's sentence computation. Specifically, he contends his sentence is illegal because he was denied credit for time he spent on parole or, in the alternative, the forfeiture of this time on parole resulted in a sentence that amounted to cruel and unusual punishment under the Eighth Amendment.  He also argues he should receive credit for time served in custody in Oregon during a period of time he was paroled in Idaho because the State had issued a detainer that was the functional equivalent of a warrant.  For the reasons set forth below, we affirm.

1

# I.
## FACTS AND PROCEDURE

In 2000, Dotts pled guilty to one count of grand theft and one count of forgery. The district court imposed concurrent unified sentences of twelve years, with five years determinate, on each count. Over the next ten years, Dotts was released on parole three times, but each time violated parole and was returned to custody. During his last period on parole that commenced in June 2010, Dotts was incarcerated in Oregon on a different case between April 2011 and August 2013. In May 2011, the Oregon Department of Correction received a detainer request for him from Idaho.

In 2012, Dotts was denied parole and passed to a full-term release date in July 2015. In December 2013, Dotts filed an Idaho Criminal Rule 35(a) motion to correct an illegal sentence, arguing he should have received credit for time served while he was on parole or, in the alternative, that the forfeiture of this time constituted cruel and unusual punishment in violation of the Eighth Amendment. Dotts also filed a Rule 35(c) motion to correct the computation of credit for time served, arguing he was entitled to credit for the time he spent incarcerated in Oregon because the detainer sent by the State was the functional equivalent of a warrant. The district court denied both motions. Dotts filed timely appeals from both denials, which the Idaho Supreme Court consolidated.

# II.
## ANALYSIS

### A. Rule 35(a) Motion

Dotts contends the district court erred by denying his Rule 35(a) motion to correct an illegal sentence because if he did not receive credit for his time on parole, he would serve more than twelve years, which was the maximum imposed as to each charge. He also contends that even if he is not entitled to credit for time served for the time he spent on parole, the resulting sentence is disproportionate to his crimes and constitutes cruel and unusual punishment. The district court rejected both arguments, determining that Idaho law is clear that a defendant is not entitled to credit against his maximum sentence for time spent on parole and that the resulting sentence calculation did not amount to cruel and unusual punishment because Dotts' actual time of incarceration, which was less than the twelve-year maximum imposed, was not disproportional to his crimes.

2

Idaho Criminal Rule 35(a) allows a trial court to correct a sentence that is illegal from the face of the record at any time. *State v. Clements*, 148 Idaho 82, 84, 218 P.3d 1143, 1145 (2009). An illegal sentence is one in excess of a statutory provision or otherwise contrary to applicable law. *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003). Whether a sentence is illegal is a question of law that we freely review on appeal. *Clements*, 148 Idaho at 84, 218 P.3d at 1145.

Dotts raised both of these arguments in a recent appeal to this Court from the district court's denial of his habeas corpus petition, and we rejected them both. *See Dotts v. Little*, Docket No. 42135 (Ct. App. Nov. 14, 2014) (unpublished). Based on the same reasoning expressed in that case, we again reject Dotts' arguments in this regard.

**B.      Rule 35(c) Motion**

Dotts also contends the district court erred by denying his motion pursuant to Rule 35(c) to correct the court's computation of credit for time served. Specifically, he argues that because the State sent a detainer to Oregon in May 2011, he was entitled to credit for time he served while in custody in Oregon between that date and August 22, 2013.

Whether the trial court properly applied the law governing credit for time served is a question of law over which we exercise free review. *State v. Kesling*, 155 Idaho 673, 677, 315 P.3d 861, 865 (Ct. App. 2013). We defer to the trial court's findings of fact, however, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *Id*.

Rule 35(c) permits a defendant to move to correct a court's computation of credit for time served where the time served was granted pursuant to Idaho Code sections 18-309 or 19-2603. Applicable to the issue raised here, section 19-2603 requires a court to grant a defendant credit for time served from the date of service of a bench warrant, or the functional equivalent of a bench warrant, upon violation of probation. *See State v. Covert*, 143 Idaho 169, 170-71, 139 P.3d 771, 772-73 (Ct. App. 2006) (holding that a probationer held on an agent's warrant after being arrested for a new offense was entitled to credit for time served from the date of arrest, not the date of service of the bench warrant, as the agent's warrant had the same effect as a bench warrant in preventing him from being able to bond out on the new charge).

Even assuming section 19-2603 is relevant here,[1] the district court did not err by denying Dotts' motion because Dotts has not shown that he was held in Oregon on the functional equivalent of a bench warrant that prevented him from bonding out or otherwise being released from custody in Oregon. In other words, Dotts does not point to any indication in the record that the May 2011 detainer requested by the State kept Dotts in custody in Oregon past the completion date of any Oregon sentence. *Accord Kesling*, 155 Idaho at 677-78, 315 P.3d at 865-66 (holding, where Kesling failed to show he was held in custody in Florida beyond the completion of his Florida sentences, that he could not show that any Idaho detainer constituted the functional equivalent of a bench warrant, and thus that he was entitled to any credit for time served for the time he spent in Florida custody). Because it is the appellant's responsibility to provide a sufficient record to substantiate his or her claims on appeal, Dotts' contention fails. *See State v. Denny*, 157 Idaho 217, 219, 335 P.3d 62, 64 (Ct. App. 2014) (holding that Denny failed to present evidence that he was held on the functional equivalent of a bench warrant such that he was prevented from bonding out or otherwise being released from custody in Washington during the disputed period).

### III.

### CONCLUSION

The district court did not err by denying Dotts' Rule 35(a) motion to correct an illegal sentence or his Rule 35(c) motion correct the court's computation of credit for time served. The district court's denial of his Rule 35 motions is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR**.

---

[1] As the State points out, section 19-2603 pertains to credit for time served upon revocation of *probation*.

4