IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41662

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 367 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 23, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SHANE THOMAS PELLETIER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying motion for credit for time served, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Judge

Shane Thomas Pelletier appeals from the district court's order denying his motion for credit for time served. He argues that he is owed additional credit for time served while in Montana. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2007, Pelletier pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c). The district court withheld judgment and placed Pelletier on probation for four years. Pelletier's probation supervision was transferred to Montana pursuant to an interstate compact. In March 2009, while in Montana, Pelletier was twice arrested for driving under the influence (DUI). As a consequence, he was extradited to Idaho where the district court revoked his probation, imposed a unified five-year sentence with a two-year determinate term, and retained jurisdiction. Following the period of retained jurisdiction, the district court again placed

1

Pelletier on probation for four years. Pelletier's probation supervision was again transferred to Montana.

In April 2010, Pelletier was charged with a third DUI in Montana. Because the Montana charge violated Pelletier's probation in the Idaho case, a bench warrant was issued by the district court but Pelletier was not served with the warrant until October 2010. Pelletier admitted to violating his probation, and the district court again retained jurisdiction. Following the second period of retained jurisdiction, the district court placed Pelletier on probation for four and one-half years, and his probation was again transferred to Montana.

In August 2011, the district court issued another bench warrant for Pelletier's arrest after Pelletier failed to appear for a probation review hearing. Pelletier was served with the warrant in October 2011. Meanwhile, the district court received a report that Pelletier had allegedly violated his probation on numerous occasions, to which Pelletier later admitted. As a result, the district court revoked his probation and imposed the underlying sentence, giving him 442 days' credit for time served while in Idaho. Pelletier filed a Rule 35 motion for reduction of his sentence. At the hearing on the motion, Pelletier also argued that he should be awarded credit for time served while in Montana. The court denied the motion.

Over one year later, Pelletier filed a pro se motion for credit for time served, again requesting credit on his Idaho sentence for time served in Montana on various dates from 2008 through 2011. In support of his motion, Pelletier attached an inmate record produced by the Missoula County Detention Facility showing his various incarceration periods from June 2007 to August 2011. The district court denied Pelletier's motion. Pelletier timely appeals.

## II.

## ANALYSIS

Pelletier argues that the district court erred in denying his motion for credit for time served. Specifically, he asserts that the district court's factual findings concerning the credit were clearly erroneous. Alternatively, he asserts that even if the court's factual findings were not clearly erroneous, it erred when it denied the motion on erroneous legal bases. The question of whether a sentencing court has properly awarded credit for time served on the facts of a particular case is a question of law, which is subject to free review by this Court. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993). We defer to the district court's findings of fact, unless

2

those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

Generally, I.C. § 19-2603 governs credit for time served as it relates to the revocation of probation. Under that provision, when a probationer has been arrested for a probation violation, "the time of the defendant's sentence shall count from the date of service of [the] bench warrant." *Id.* Additionally, Idaho case law requires that a probationer likewise receive credit for time served when he or she has been held on the functional equivalent of a bench warrant. *State v. Kesling*, 155 Idaho 673, 678, 315 P.3d 861, 866 (Ct. App. 2013); *see Covert*, 143 Idaho at 170, 139 P.3d at 772 (holding that a probationer held on an agent's warrant after being arrested for a new offense was entitled to credit for time served from the date of arrest, not the date of service of the bench warrant, as the agent's warrant had the same effect as a bench warrant in preventing him from being able to bond out on the new charge).

In denying Pelletier's motion for credit for time served while he was in custody in Montana, the district court found:

> There is nothing authenticating the [Missoula County Detention Facility's booking history] printout. But Pelletier's bigger problem is the attachment doesn't state the reason why Pelletier was in custody in Montana on those dates. The printout does not distinguish whether Pelletier was in custody on those dates under a warrant issued in this Idaho case, or whether he was being held solely on Montana matters.

Pelletier contends that because he provided a sworn statement asserting that he was in custody in Montana for violating the terms of his Idaho probation, and because his statement was uncontradicted, it must be accepted as true. Accordingly, Pelletier argues that the district court's findings of fact are clearly erroneous.

The facts of this case are similar to those in *Kesling*. Pursuant to an interstate compact agreement, Kesling's probation supervision was transferred to Florida. While in Florida, Kesling committed several new felonies which triggered the violation of his Idaho probation, and bench warrants were issued by the Idaho district court. However, the bench warrants were not served on Kesling until after he was extradited back to Idaho upon completion of his sentence for the crimes he committed in Florida. At sentencing, Kesling requested credit for time served during his incarceration in Florida. In support of his request, Kesling pointed to notations within an

3

inmate record produced by the Florida Department of Corrections relating to communications that Florida authorities received from Idaho authorities. Kesling's evidence consisted of ambiguous notations in his Florida prison records, which did not reflect either the contents of the communications between the Idaho and Florida officials or that he was held in Florida beyond the end of his Florida sentences. Within the communications, there were two separate notations. We described the notations as follows: "One says the authority is 'ADA CO SO-ID,' and the other states an Idaho telephone number. Both show Kesling's Ada County case numbers as the charges, each followed by 'VOP,' which we presume is an abbreviation for 'violation of probation.'" Even with references to Kesling's Ada County case numbers, we concluded the record contained no evidence that Kesling was held in Florida on the functional equivalent of an Idaho bench warrant until after his Florida cases were fully served. On this basis, we held that Kesling was not entitled to such credit.

Similarly, in this case, the record contains no evidence supporting Pelletier's assertions that he was held in Montana on the functional equivalent of an Idaho bench warrant. In denying his motion for credit for time served, the district court set forth a detailed analysis of the various times for which Pelletier argues he is entitled to additional credit, and demonstrated how his claim for credit for such dates was belied by the record. We agree with the district court. For the times Pelletier argues he is entitled to additional credit, the Missoula County Detention Facility booking history report provides the reason for release as "Release per P/O" and lists the billing agency as "Adult Prob & Parole." Pelletier interprets these notations to mean that he was held in custody in Montana by permission of his probation officer for his Idaho charge. While Pelletier's evidence identifies that he was *released* from custody per his probation officer, the evidence does not demonstrate that he was placed or held in custody at the direction of an Idaho probation officer for even a single day (i.e., on an agent's warrant). Further, Pelletier acknowledges that he received multiple charges while in Montana (including multiple DUIs and driving with a suspended license), but has failed to provide sufficient evidence demonstrating that the time he spent in Montana custody was related to his Idaho charge and not to his Montana charges. Absent evidence showing action taken by the state of Idaho, or its agents holding Pelletier in custody in Montana, we cannot hold that Pelletier was held on the functional equivalent of an Idaho bench warrant. The district court did not err in finding that the record, including that submitted by Pelletier, failed to establish time spent in Montana was actually

4

attributable to the Idaho case. Pelletier has failed to show that the district court's findings of fact are clearly erroneous.

Pelletier further argues that the district court denied his motion on erroneous legal bases. In support of this argument, Pelletier asserts that the district court erred in three different respects. First, Pelletier asserts that the district court erred in only analyzing whether there was an outstanding bench warrant for Pelletier's arrest, and failed to award credit where there was a functional equivalent of a bench warrant. In requesting credit for time served in Montana, Pelletier must not only prove that he served time, but also that the time served related to his Idaho case. The district court set forth, in detail, an analysis of Pelletier's claim for additional credit and ultimately rejected Pelletier's argument. As discussed above, Pelletier has failed to demonstrate that he was held in Montana on the functional equivalent of a bench warrant. Thus, Pelletier's claim is unsubstantiated by the evidence, and the district court did not err in awarding credit consistent with the service of bench warrants on Pelletier.

Second, Pelletier asserts that the district court erred in rejecting his sworn statement when it concluded that he "has failed to provide any proof to support" his motion. Contrary to Pelletier's assertion, the district court did not hold that Pelletier's affidavit was not evidence, but held that it was insufficient to support his claim. Because Pelletier pointed to no evidence that Montana held him at the direction of Idaho officials, the court rejected Pelletier's bare assertion that he spent time in Montana for probation violations in his Idaho case. Pelletier did not point to a warrant or communication that could be the functional equivalent relevant to a probation violation. Rather, he made several bald assertions referencing his time incarcerated in Montana without record proof that he was serving time for his Idaho offense. Even assuming Pelletier's motion is an affidavit, and taking as evidence his attached documents, there remains a lack of evidence to support his claim. The district court properly rejected Pelletier's motion as failing to present adequate proof.

Lastly, Pelletier asserts that the district court erred in failing to consider the Missoula County Detention Facility's inmate record on the basis that "there is nothing authenticating the printout." Although the court mentioned that the inmate record lacked authentication, the court did not base its decision on rejecting the inmate record or giving it less weight. Irrespective of whether authentication is a valid evidentiary objection relating to his motion, the court did not

5

base its decision on the lack of authentication. The district court did not rely on erroneous legal bases when it denied Pelletier's motion for credit for time served.

## III.

## CONCLUSION

The district court did not err when it denied Pelletier's request for additional credit for time served in Montana. Accordingly, the district court's order denying Pelletier's motion for credit for time served is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**