**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47031**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed:  March 24, 2020** |
| Plaintiff-Respondent, | ) | |
| | ) | **Karel A. Lehrman, Clerk** |
| v. | ) | |
| | ) | |
| GUY KELLY DUNNE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Peter G. Barton, District Judge.

Order revoking withheld judgment, entering judgment of conviction, and order retaining jurisdiction, <u>reversed</u>; order denying I.C.R. 35 motion for correction of an illegal sentence, <u>reversed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Guy Kelly Dunne appeals from the district court's order revoking his withheld judgment, entering judgment of conviction, and retaining jurisdiction and from the district court's order denying his I.C.R. 35 motion for correction of an illegal sentence.  We reverse both the order revoking withheld judgment, entering judgment of conviction and retaining jurisdiction, as well as the order denying Dunne's I.C.R. 35 motion for correction of an illegal sentence.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2012, Dunne pled guilty to leaving the scene of an injury accident.  I.C. § 18-8007.  The district court entered an order withholding judgment and placed Dunne on probation for five years.

1

In 2014, after Dunne admitted violating his probation, the district court entered an order reinstating Dunne's probation for another five years and imposing additional probation conditions.

In 2018, the State filed a second motion for probation violation. Dunne admitted violating his probation again, and the case was continued for disposition at a later date. Prior to disposition, Dunne filed an I.C.R. 35 motion for correction of an illegal sentence, arguing that the imposition of a new five-year probation period in 2014 was unlawful and, therefore, the lawful period of his probation expired in 2017. The district court denied Dunne's motion. Ultimately, the district court revoked Dunne's probation; imposed a sentence of three years, with a one-year minimum term of confinement; and retained jurisdiction. Dunne appeals.

## II.

## STANDARD OF REVIEW

Whether a court lacks jurisdiction is a question of law over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). This Court also exercises free review over the application and construction of statutes, *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003), and over the denial of a motion under I.C.R. 35 for correction of an illegal sentence, *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

Dunne raises two issues on appeal. First, Dunne argues that the district court lacked subject matter jurisdiction to revoke his probation. Second, Dunne argues that the district court erred in denying his I.C.R. 35 motion for correction of an illegal sentence. Both of Dunne's arguments are based on his assertion that he was no longer lawfully on probation when the State filed its motion for probation violation in 2018 because the district court did not have authority to extend his probation an additional five years when it entered disposition on Dunne's 2014 probation violation. The State responds that the district court properly imposed a "new" five-year probationary period in 2014. Consequently, according to the State, the district court had jurisdiction to revoke Dunne's probation and his withheld judgment in 2019 and correctly denied Dunne's I.C.R. 35 motion. We hold that the district court's order reinstating probation for five additional years after Dunne's probation violation in 2014 was not consistent with the available sentencing options. As a result, Dunne's probation expired in 2017, depriving the district court of jurisdiction to revoke Dunne's

withheld judgment, enter judgment and retain jurisdiction in 2019, and Dunne's I.C.R. 35 motion should have been granted.

The district court's sentencing authority is derived from statute. Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. Because Dunne originally received a withheld judgment with a five-year period of probation, which he violated, the sentencing statutes relevant to this appeal are Idaho Code Sections 19-2601, 19-2603, and 20-222.

Idaho Code Section 19-2601 authorizes withheld judgments. When judgment is withheld, the court may place the defendant on probation under such terms and conditions as the court deems necessary. I.C. § 19-2601(3). However, the probationary term may not exceed the maximum period for which the defendant might have been imprisoned. I.C. § 19-2601(7). Probation terms that exceed the statutory maximum violate the statutes that govern probation. *State v. Kesling*, 155 Idaho 673, 677, 315 P.3d 861, 865 (Ct. App. 2013).

A trial court's options for disposition of a probation violation are governed by I.C. §§ 19-2603 and 20-222(2). Idaho Code Section 19-2603 specifically references cases involving withheld judgments and provides in part that, "when the court finds that the defendant has violated the terms and conditions of probation, it may, if judgment has been withheld, pronounce any judgment which it could originally have pronounced." Idaho Code Section 20-222(2) also addresses disposition of probation violations (although it does not specifically reference violations following a withheld judgment) and provides:

> (1)     The period of probation or suspension of sentence shall be fixed by the court and may at any time be extended or terminated by the court. Such period with any extension thereof shall not exceed the maximum period for which the defendant might have been imprisoned.
> (2)     At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court, after summary hearing may revoke the probation and suspension of sentence and cause the sentence imposed to be executed, *or may cause the defendant to be brought before it and may continue or revoke the probation, or may impose any sentence*

*which originally might have been imposed at the time of conviction.* In making a determination to continue or revoke probation and suspension of sentence, the court shall consider the defendant's risks and needs and options for treatment in the community.

(Emphasis added.).

Idaho Code Sections 19-2603 and 20-222 unambiguously limit a trial court's options for disposition of a probation violation occurring while judgment is withheld to: (1) imposing any judgment that could have originally been pronounced or (2) extending or continuing the probation despite a probation violation. If probation is extended, any extension may not exceed the maximum period for which the defendant could have been imprisoned. I.C. § 20-222(1).

In 2012, the district court withheld judgment and imposed the maximum term of probation after Dunne pled guilty to leaving the scene of an injury accident in violation of I.C. § 18-8007. The maximum term was five years. *See* I.C. § 18-8007 (providing that leaving the scene of an injury accident is punishable by up to five years in prison). In 2014, the State filed a motion for probation violation. Dunne admitted the violation, which resulted in an order designated "Order Reinstating and Amending Probation" (2014 Order). The 2014 Order found Dunne violated the terms of his probation and ordered Dunne's probation "reinstated" for five years "upon the same terms and conditions entered by this Court in the Order Withholding Judgment and Order of Probation and Commitment filed on June 6, 2012," and with additional "special conditions." Dunne argues that the additional five-year probationary period imposed by the 2014 Order was unlawful because it extended his probationary term beyond the five-year statutory maximum for leaving the scene of an injury accident.[1] The State contends that the district court properly interpreted the 2014 Order "as having imposed a new probation instead of continu[ing] the old one," which the State asserts was proper.

The plain language of the 2014 Order did not provide for a "new" probation; rather, the order "reinstated" Dunne's probation for five additional years. "Reinstatement" of probation was

---

[1]    Although Dunne did not appeal the 2014 Order, because his challenges are based on jurisdiction and the legality of his sentence, his claims may be considered on appeal. *See* I.C.R. 35 (providing that the legality of a sentence can be raised at any time); *Jones*, 140 Idaho at 758, 101 P.3d at 702 (stating that challenges to subject matter jurisdiction can be raised at any time, including for the first time on appeal). The State does not dispute that Dunne's claims are properly before this Court.

not an option under either I.C. § 19-2603 or I.C. § 20-222. To the extent the district court's "reinstatement" of probation in 2014 was intended as an extension of Dunne's probation authorized by I.C. § 20-222(1), Dunne's probation could not be extended beyond the five-year maximum provided in I.C. § 18-8007. If the district court's "reinstatement" of probation in 2014 was intended as a "continu[ance]" authorized by I.C. § 20-222(2), there was no authority for continuing it beyond the original term. Rather, we interpret the words "continue . . . the probation" as used in I.C. § 20-222(2) as only authorizing trial courts to allow a preexisting probation to remain in place.

Even accepting the State's characterization of the 2014 Order as imposing a "new" probation, the State cites no authority to support the proposition that a "new" probation was proper in the manner in which it was done. The only mechanism for imposing a "new" probation would be if the district court entered judgment at the same time. Under that circumstance, the district court having previously withheld judgment could pronounce any judgment it could have originally pronounced. I.C. § 19-2603; *Peltier v. State*, 119 Idaho 454, 460, 808 P.2d 373, 379 (1991) (concluding that when a probation violation occurs following a withheld judgment, the court has statutory authority to impose any sentence which originally might have been imposed). In Dunne's case, any such judgment could have included up to a five-year sentence, suspended or imposed (including imposition with a period of retained jurisdiction). *See* I.C. § 18-8007(2). But, the district court could not (and did not) again withhold judgment because a withheld judgment by its very nature is not a judgment. Because a withheld judgment is not a judgment, it is not a judgment that could have originally been pronounced for purposes of I.C. § 19-2603 or I.C. § 20-222(2). *See Ex Parte Medley*, 73 Idaho 474, 479, 253 P.2d 794, 797 (1953) (stating that a withheld judgment avoids the stigma of a judgment of conviction); *see also State v. Branson*, 128 Idaho 790, 793, 919 P.2d 319, 322 (1996) (noting that a withheld judgment is not a judgment of conviction). Moreover, there is no reading of the 2014 Order that would allow this Court to construe it as a judgment because it did not impose any sentence, suspended or otherwise.

When the district court imposed the five-year probation period after Dunne's probation violation in 2014, he had already served approximately two years on probation. Thus, the additional five years of probation imposed in the 2014 Order resulted in a total probation period of seven years, which was beyond the permissible five-year maximum. *See Kesling*, 155 Idaho at

677, 315 P.3d at 865. Dunne's lawful probation term expired in 2017.[2] Consequently, the State could not pursue a probation violation in 2018. *See State v. Gamino*, 148 Idaho 827, 230 P.3d 437 (Ct. App. 2010) (establishing that in order for a court to possess authority to address an alleged probation violation, the probation violation proceedings must be initiated within the defendant's probationary period). As a result, the district court lacked jurisdiction to enter its order revoking withheld judgment, entering judgment of conviction, and retaining jurisdiction in 2019 based upon that alleged probation violation. *See Kesling*, 155 Idaho at 677, 315 P.3d at 865 (holding that courts do not have jurisdiction to take any action after the maximum authorized probation period). For these same reasons, Dunne was entitled to relief on his I.C.R. 35 motion to correct illegal sentence.[3]

## IV.
## CONCLUSION

Because the district court's order "reinstating" probation for five additional years after Dunne's probation violation in 2014 was not consistent with the available sentencing options at that time, Dunne's probation expired in 2017, depriving the district court of jurisdiction to revoke Dunne's withheld judgment, enter judgment, and retain jurisdiction in 2019. Thus, we reverse both the order revoking withheld judgment, entering judgment of conviction, and retaining jurisdiction as well as the order denying Dunne's I.C.R. 35 motion for correction of an illegal sentence.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.

---

[2]    There was a period of tolling related to Dunne's 2014 probation violation. *See State v. Harvey*, 142 Idaho 727, 729, 132 P.3d 1255, 1257 (Ct. App. 2006). That period did not prolong Dunne's original five-year probationary period beyond 2017.

[3]    This Court has held that, if a duration of probation could be restructured to make it legal, a court can do so pursuant to I.C.R. 35(a). *State v. Villavicencio*, 159 Idaho 430, 433, 362 P.3d 1, 4 (Ct. App. 2015). Thus, under I.C.R. 35(a), a court could amend a judgment to correct an illegal sentence and use the amended judgment to address a motion to revoke probation. *Villavicencio*, 159 Idaho at 433, 362 P.3d at 4. In Dunne's case, there was no judgment to amend prior to the order withholding judgment, entering judgment of conviction, and retaining jurisdiction.