IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 46999**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 14, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRYANT B. JOHNSTON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Power County. Hon. Robert C. Naftz, District Judge.

Order granting motion for credit for time served, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LORELLO, Judge

Bryant B. Johnston appeals from an order of the district court granting his motion for credit for time served. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 25, 2017, the district court issued a bench warrant for Johnston after finding there was probable cause to believe he violated his probation. On October 15, 2017, Johnston received a copy of the bench warrant from Utah law enforcement while he was incarcerated there for an unrelated offense. Eighteen days later, Johnston was transported back to Idaho. After finding Johnston violated his probation, the district court revoked his probation, imposed the underlying sentence, and granted him credit for the time he served in Idaho prior to his probation

1

revocation. Subsequently, Johnston filed a pro se motion for credit for time served, which included a request for additional credit for time he served in Utah before returning to Idaho. The district court granted Johnston credit for an additional eighteen days between the date he was served with the bench warrant and his return to Idaho. Johnston appeals.

## II.

## STANDARD OF REVIEW

Whether a sentencing court has properly awarded credit for time served is a question of law subject to free review. *State v. Taylor*, 160 Idaho 381, 384-85, 373 P.3d 699, 702-03 (2016); *State v. Vasquez*, 142 Idaho 67, 68, 112 P.3d 1167, 1168 (Ct. App. 2005). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

## III.

## ANALYSIS

Mindful of the language of I.C. § 19-2603 and *State v. Kesling*, 155 Idaho 673, 315 P.3d 861 (Ct. App. 2013), Johnston argues that the district court erred by failing to grant him credit for time he served in Utah from the date the Idaho bench warrant for his probation violation was issued. The State argues that the district court correctly concluded that Johnston is not entitled to additional credit prior to being served with the Idaho bench warrant. We hold that Johnston has failed to show that the district court erred in calculating his credit for time served.

Idaho Code Section 19-2603 governs the calculation of credit for time served when a sentence is imposed after a probation revocation. The statute provides in pertinent part:

> When the court finds that the defendant has violated the terms and conditions of probation, it may, . . . if judgment was originally pronounced but suspended, revoke probation. The time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence. The defendant shall receive credit for time served from the date of service of a bench warrant issued by the court after a finding of probable cause to believe the defendant has violated a condition of probation, for any time served following an arrest of the defendant pursuant to section 20-227, Idaho Code, and for any time served as a condition of probation under the . . . suspended sentence.

2

According to the statute's express language, probationers are entitled to credit for time served: (1) following service of a bench warrant for an alleged probation violation, (2) following an arrest on an agent's warrant for an alleged probation violation, and (3) time served as a condition of probation. Probationers are also entitled to credit for time served under the functional equivalent of a bench warrant. *Kesling*, 155 Idaho at 677-78, 315 P.3d at 865-66.

The district court concluded that Johnston was entitled to credit for time he served in Utah after authorities there served him with a copy of the Idaho bench warrant arising from his alleged probation violation. The district court found that Johnston was served with the Idaho bench warrant on October 15, 2017. Johnston points to nothing in the record showing that any time he served in Utah prior to October 15, 2017, falls within any of the three categories for which he is entitled to credit under I.C. § 19-2603. Rather, Johnston argues that, although he is "mindful" of the language in I.C. § 19-2603, he should nevertheless receive credit for time served from the date the bench warrant was issued. Because Johnston's claim is inconsistent with the plain language of I.C. § 19-2603, he has failed to show that the district court erred by not granting him additional credit for time he served while incarcerated in Utah prior to service of the Idaho warrant on October 15, 2017.

## IV.

## CONCLUSION

The district court did not err by failing to grant Johnston credit for any time he served in Utah prior to service of the bench warrant at issue in this case. Consequently, the district court's order granting Johnston's motion for credit for time served is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.