**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47417**

| | |
|---|---|
| **STATE OF IDAHO,** | ) |
| | ) **Filed: March 19, 2021** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| **v.** | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **DANNY RICHARD STROUD,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Order denying motion to correct an illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Danny Richard Stroud appeals from the district court's partial denial of his motion to correct an illegal sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Stroud pled guilty to aggravated assault in 2008. The district court withheld judgment and placed Stroud on probation for a period of five years. Just under five years later, the State filed a motion for probation violation. The district court revoked the withheld judgment and probation, imposed a sentence of five years, with three years determinate, and retained jurisdiction. After a period of several months, the district court suspended the sentence and continued Stroud on probation for a period of five years, beginning on July 24, 2013.

In January 2018, the State again filed a motion for probation violation. After finding Stroud violated the terms of his probation, the district court reinstated probation for a period of four years, to begin on April 20, 2018. On July 8, 2019, Stroud filed a motion under Idaho Criminal Rule 35

1

to correct an illegal sentence, arguing that the maximum period of probation for a felony is the maximum period for which the defendant might have been incarcerated for that felony, which is five years for aggravated assault. Therefore, while his period of probation could be tolled while the State was pursuing the probation violations, the term of probation in his case expired on or about November 25, 2014. The district court disagreed, finding that Stroud's total time on probation could lawfully exceed five years where, as here, the court initially withheld judgment and then imposed and subsequently suspended his sentence in favor of a new period of probation. Stroud timely appeals.

## II.

## ANALYSIS

Stroud argues that the district court erred in denying his motion to correct an illegal sentence. Stroud limits his argument to the five-year probation period which began in 2014. Stroud argues that since the maximum period of probation for an aggravated assault conviction is five years, the district court no longer had jurisdiction near the end of 2014. The State argues that Stroud's total time on probation could exceed five years since the court initially withheld judgment and then imposed and suspended Stroud's sentence and placed him on a new period of probation.

Pursuant to I.C.R. 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993). Pursuant to Idaho Code §§ 19-2601(7) and 20-222, the period of probation for a felony may not exceed the maximum period for which the defendant might have been imprisoned. However, I.C. § 19-2603 provides that upon the finding of a probation violation, the court "may, if judgment has been withheld, pronounce any judgment which it could originally have pronounced, or, if judgment was originally pronounced but suspended, revoke probation."

While Stroud acknowledges that I.C. § 19-2603 permits the court to pronounce any sentence it could have originally pronounced if judgment has been withheld, he argues that the maximum possible term of probation in his case was five years. This argument finds no support in the cases or statutory language cited by Stroud. Stroud is correct that under I.C. §§ 19-2601(7) and 20-222(1), no single period or extension of probation may exceed the maximum period of confinement. However, these statutes do not, as the State points out, require that two distinct

2

periods of probation be aggregated so as to be considered a single period of probation. Here, Stroud was put on two distinct periods of probation, one under a withheld judgment and the other under a sentence imposed and thereafter suspended.

While Stroud also cites *State v. Dunne*, 166 Idaho 541, 461 P.3d 823 (Ct. App. 2020) and *State v. Gallipeau*, 128 Idaho 1, 909 P.2d 619 (Ct. App. 1994), neither of these cases support his argument. *Dunne* stands for the proposition that a district court may not extend a single period of probation beyond the maximum period for which a defendant could have been imprisoned. *Dunne*, 166 Idaho at 543-44, 461 P.3d at 825-26. It is inapposite to Stroud's case because, as Stroud concedes, the district court revoked Stroud's withheld judgment and imposed and suspended his sentence, which resulted in a separate period of probation. In *Gallipeau*, the Court ruled that, as here, the period of probation ordered after the entry of a judgment of conviction and suspension of a defendant's sentence is not a continuation of the period of probation while judgment was withheld, but was a new period of probation. *Gallipeau*, 128 Idaho at 5, 909 P.2d at 623. In the alternative, the *Gallipeau* Court also noted that even if the latter period of probation was considered an extension of the former, that period would still be less than the maximum term of imprisonment to which a defendant could have been subject. *Id.*

Stroud argues that *Gallipeau* supports his argument because of this alternative ruling and the fact that his 2014 period of probation, if considered an extension, was more than the maximum term of imprisonment. However, the State is correct that the first of the two alternate bases set out in *Gallipeau* applies with equal force here. As stated above, Stroud was subject to two distinct periods of probation due to the withheld judgment, not an extension of probation.

Stroud's argument on appeal is limited to the second term of probation which began in 2014. He makes no argument as to the probation period which began in 2018. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

### III.

### CONCLUSION

The district court did not err by denying Stroud's motion to correct an illegal sentence. Accordingly, the district court's order denying Stroud's motion to correct an illegal sentence is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.