**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49144**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 27, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NATHAN KARL BERGGREN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order denying I.C.R. 35 motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LORELLO, Chief Judge

Nathan Karl Berggren appeals from the order denying his I.C.R. 35 motion for credit for time served. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 31, 2020, following Berggren's arrest in Washington on a robbery charge while serving a term of probation there for prior offenses committed in Idaho, the district court issued a bench warrant for him after finding there was probable cause to believe he violated his probation. On May 14, 2021, following the resolution of the Washington charge, Berggren was served with a copy of the bench warrant and returned to Idaho. After finding Berggren violated his probation,

1

the district court revoked his probation, modified and imposed the underlying sentences,[1] and granted 237 days of credit for time served. Berggren filed an I.C.R. 35 motion for credit for time served, arguing he was entitled to additional credit for time he served in Washington prior to returning to Idaho. The district court denied the motion, concluding Berggren was entitled to credit from the date the Idaho bench warrant was served and that he failed to present evidence such service occurred before May 14, 2021. Berggren appeals.

## II.

## STANDARD OF REVIEW

Whether a sentencing court has properly awarded credit for time served is a question of law subject to free review. *State v. Taylor*, 160 Idaho 381, 384, 373 P.3d 699, 702 (2016). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

## III.

## ANALYSIS

Berggren asserts that, although he is "mindful of the relevant statute's requirement of the service of" the Idaho bench warrant, "the facts of this case support" granting him "credit for his time in custody in Washington." The State responds that the district court correctly concluded Berggren failed to show he was entitled to credit for incarceration prior to service of the Idaho bench warrant. We hold that Berggren has failed to show that the district court erred in calculating his credit for time served.

Idaho Code Section 19-2603 governs the calculation of credit for time served when a sentence is imposed after a probation revocation. The statute provides, in pertinent part:

> When the court finds that the defendant has violated the terms and conditions of probation, it may . . . if judgment was originally pronounced but suspended, revoke probation. The time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence. The defendant shall receive credit for time served from the date of service of a

---

[1] Berggren was originally sentenced to two concurrent, unified terms of seven years, with minimum periods of confinement of four years, for possession of a controlled substance and grand theft. After revoking Berggren's probation, the district court modified his sentences to unified terms of seven years, with minimum periods of confinement of three years.

2

bench warrant issued by the court after a finding of probable cause to believe the defendant has violated a condition of probation, for any time served following an arrest of the defendant pursuant to section 20-227, Idaho Code, and for any time served as a condition of probation under the . . . suspended sentence.

According to the statute's express language, probationers are entitled to credit for time served: (1) following service of a bench warrant for an alleged probation violation; (2) following an arrest on an agent's warrant for an alleged probation violation; and (3) time served as a condition of probation. Probationers are also entitled to credit for time served under the functional equivalent of a bench warrant. *State v. Kesling*, 155 Idaho 673, 677-78, 315 P.3d 861, 865-66 (Ct. App. 2013).

In denying Berggren's I.C.R. 35 motion for credit for time served, the district court correctly observed that he was entitled to credit for his time in custody from the date he was served with the Idaho bench warrant. Reasoning that "notification that a warrant exists" does not constitute service, the district court rejected Berggren's argument that he was entitled to credit from the date his Washington probation officer notified him of a "governor's warrant"[2] that was allegedly issued or when Washington "jailers" first notified Berggren of the Idaho bench warrant. Consequently, the district court found that the Idaho bench warrant was served May 14, 2021--the date indicated on the certificate of service for the bench warrant.

Although Berggren acknowledges "that the Idaho bench warrant shows it was served on May 14, 2021," he faults the district court for failing to grant him credit for his time in custody after August 11, 2020, when his Washington probation officer informed him of a "'Governor's warrant,' or alternatively, from September 1, 2020" when he became aware of the Idaho bench warrant. Berggren supports this argument by citing his testimony from the hearing on his I.C.R. 35 motion for credit for time served. During that hearing, Berggren testified that the day he was

---

[2]     Berggren appears to have conflated a "governor's warrant" with a "secretary's warrant." A governor's warrant is "issued by a state's governor's office to extradite a captured suspect to another state to stand trial." BLACK'S LAW DICTIONARY 1819 (10th ed. 2014). Berggren's I.C.R. 35 motion asserts that his probation officer's notes indicate that officers requested a "Secretary's Warrant for Berggren for failing to complete a stipulated agreement and absconding supervision." Berggren's motion further asserts that a secretary's warrant "is a warrant that may be issued pursuant to the Revised Code for Washington 9.94A.716 for violations of community custody."

booked into jail on the robbery charge he was also booked for violating his probation and spoke with his Washington probation officer, who indicated she had issued what Berggren believed was a governor's warrant for him. Berggren further testified that, sometime later, the "jailers" in Washington told him that he was being held on an Idaho warrant and would be extradited. According to Berggren, he did not attempt to post bond for the robbery charge because he "had an Idaho detainer" and remained in custody until being transferred to Idaho. Berggren argues that "he is entitled to credit for this time as a matter of fairness" as he was "effectively served because he was shown the warrant and could not bond out."

In support of his fairness argument, Berggren cites to a dissent from *State v. Barrett*, 163 Idaho 449, 454-55, 414 P.3d 1188, 1193-94 (2018) (Burdick, C.J., dissenting), which disfavored the majority's conclusion that a defendant was not entitled to credit for time served under a "Hold Notice Request" served in lieu of an existing arrest warrant. The dissent in *Barrett* provides no authority or support for Berggren's argument. Moreover, Berggren's argument is inconsistent with the plain language of I.C. § 19-2603. Idaho Code Section 19-2603 authorizes credit for time spent in custody following *service* of a bench warrant. According to Black's Law Dictionary, *service* means "the formal delivery of a writ, summons, or other legal process, pleading, or notice to a litigant or other party interested in litigation; the legal communication of a judicial process." BLACK'S LAW DICTIONARY 1576 (10th ed. 2014). Berggren has not cited evidence in the record showing formal service of the Idaho bench warrant prior to May 14, 2021. Accordingly, Berggren has failed to show that the district court erred by not granting him additional credit for time he was incarcerated prior to being served with the bench warrant.

## IV.

## CONCLUSION

The district court did not err by failing to grant Berggren credit for any time he served in Washington prior to the date contained in the certificate of service on the Idaho bench warrant. Consequently, the district court's order denying Berggren's motion for credit for time served is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

4