IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43824

| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 368 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 16, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SHANE MICHAEL MENDENHALL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment of conviction and sentence, order relinquishing jurisdiction, and denial of Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Shane Michael Mendenhall was found guilty of burglary, Idaho Code § 18-1401, and possession of a controlled substance, I.C. § 37-2732(c), and he pleaded guilty to the persistent violator enhancement. The district court imposed a unified fifteen-year sentence, with five years determinate, for the burglary charge with the persistent violator enhancement;[1] unified one year

_____

[1] At sentencing, the district court orally pronounced a separate sentence for the persistent violator enhancement. This was error. The persistent violator enhancement in Idaho Code Section 19-2514 does not create a new crime, but the section permits the court to impose a greater sentence for the conviction at issue (but not the prior convictions) and is thus a sentencing enhancement. *Lopez v. State*, 108 Idaho 394, 395, 700 P.2d 16, 17 (1985). Sentencing enhancements thus provide for a single, more severe penalty, rather than multiple

indeterminate sentence for the possession of a controlled substance charge with the sentences to run concurrently. The district court retained jurisdiction, and Mendenhall was sent to participate in the retained jurisdiction program. The district court relinquished jurisdiction. During the jurisdictional review hearing, Mendenhall moved the district court to reduce his sentence pursuant to an Idaho Criminal Rule 35 motion, which the district court denied. Mendenhall appeals, claiming that the district court erred by imposing an excessive sentence, relinquishing jurisdiction, and failing to reduce his sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Mendenhall has failed to show that the district court abused its discretion in relinquishing jurisdiction.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In

---

penalties. *State v. Galaviz*, 104 Idaho 328, 330, 658 P.2d 999, 1001 (Ct. App. 1983). The judgment of conviction does not reflect a separate sentence for the persistent violator enhancement, but instead reflects each sentence enhanced by the persistent violator enhancement. The discrepancy between oral pronouncement and the written judgment, or whether the error was remedied at the retained jurisdiction hearing, is not at issue before this Court.

presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Mendenhall's I.C.R. 35 motion is affirmed.

Mendenhall's judgment of conviction and sentence, order relinquishing jurisdiction, and the order denying I.C.R. 35 motion are affirmed.